IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY, | |
| Plaintiff, | |
| vs. | Case No. 06-1216-JTM |
| JOHN G. VANN, DORCAS M. VANN, SHANTAY L. LYONS, and PEGASUS FUNDING GROUP, L.L.C., | |
| Defendants. | |
| AND | |
| PEGASUS FUNDING GROUP, L.L.C., | |
| Third-Party Plaintiff, | |
| vs. | |
| KEITH BIGLOW FUNERAL DIRECTORS, INC., | |
| Third-Party Defendant. | |

MEMORANDUM AND ORDER

Third-party defendant, Keith D. Biglow Funeral Directors, Inc.(hereinafter "Biglow")

moves to dismiss the third-party complaint filed by Pegasus Funding Group, L.L.C. (hereinafter

"Pegasus") on the basis that the court lacks personal jurisdiction over Biglow. For the following reasons, the court denies defendant's motion.

*I.  Factual Background*:

Defendant Biglow, an Oklahoma corporation, has its principal place of business in Muskogee, Oklahoma. Defendant claims that it does not do business in the State of Kansas, nor does it maintain an office or own property in Kansas.

Keith D. Biglow, Biglow's president, knew and had a personal relationship with Michael D. Vann. Mr. Vann owned a funeral service in Sedgwick County called Vann Funeral Services, LLC. In February 2006, Mr. Vann died. Mr. Biglow offered to assist Vann Funeral Services with the burial arrangements for Mr. Vann.

Pegasus Funding Group loans money in connection with insurance-funded funerals. On February 28, 2006, Robert Bethea, the manager and representative of Vann Funeral Services, and defendants, John G. Vann and Dorcas M. Vann, executed an assignment of insurance proceeds and reassignment to Pegasus Funding Group, L.L.C. Mr. and Mrs. Vann signed the assignment in their individual capacities and Mr. Bethea signed the assignment on behalf of Vann Funeral Services. Within the assignment, $50,000 is assigned to Keith Biglow, "The Funeral Home." Third-Party Defendant's Exhibit C. The assignment also noted that the "undersigned hereby appoint the Funeral Home and its/his successors and assigns as our attorney in fact. . . ." *Id*. Additionally, Mr. Bethea signed the document "duly authorized to execute the Reassignment on behalf of, and in the name of, the a for-mentioned [sic] Funeral Home." *Id*. Finally, the assignment notes that exclusive jurisdiction for legal proceedings is the federal and state courts of competent jurisdiction located in Wichita, Kansas.

2

Thereafter, the funds were deposited into Mr. Biglow's account whereby Biglow deducted its direct costs and remitted the balance to Mr. Vann's heirs.  The issue presented here for determination is whether personal jurisdiction exists with respect to defendant Biglow.

## II.  Standard of Review:

For purposes of resolving a motion to dismiss, the court must accept as true all well-pleaded facts and view those facts in the light most favorable to plaintiff. *See Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.,* 175 F.3d 848, 855 (10 Cir.1999).  The court may not grant relief "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384 (10 Cir.1997) *(quoting Conley v. Gibson,* 355 U.S. 41, 45-46, (1957)).

## III.  Conclusions of Law:

In order to exercise personal jurisdiction over a nonresident defendant, a court must ensure that the "exercise of jurisdiction is sanctioned by the long-arm statute of the forum state" and that due process requirements of the Constitution are satisfied.  *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.,* 17 F.3d 1302, 1304 (10th Cir. 1994) (citing Fed. R. Civ. P. 4(e)).

For the first requirement, the Kansas long-arm statute provides:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts: (1) Transaction of any business within this state; . . . (5) entering into an express or implied contract, by mail or

3

> otherwise, with a resident of this state to be performed in whole or in
> part by either party in this state. . . .

K.S.A. § 60-308(b).

To "transact business" within the state, the Kansas Supreme Court has noted:

> "Business" is transacted within the state when an individual is within
> or enters this state in person or by agent an, through dealing with
> another within the state, effectuates or attempts to effectuate a
> purpose to improve his economic conditions and satisfy his desires.
> The transaction of business exists when the nonresident purposefully
> does some act or consummates some transaction in the forum state.

*Volt Delta Resources, Inc. v. Devine*, 241 Kan. 775, 778, 740 P.2d 1089 (1987).  A defendant

need not physically enter the state to transact business within its borders.  *Environmental*

*Ventures, Inc. v. Alda Servs. Corp.*, 19 Kan. App. 2d 292, 296, 868 P2d. 540 (1994).  Physical

presence is merely one factor to consider.  *Thermal Insulation Systems v. Ark-Seal Corp.*, 508 F.

Supp. 434, 442 (D. Kan. 1980).

In order to fully extend the jurisdiction of the courts in Kansas to the extent authorized by

due process, subsection 5 was added to the Kansas long arm statute in 1971.  *Environmental*

*Ventures*, 19 Kan. App. 2d at 296-97, 969 P.2d at 544.  "This type of statute is commonly

referred to as a 'single act' statute in that it permits the exercise of personal jurisdiction over a

nonresident defendant based solely on the making or performance of a single contract within the

state."  *Misco-United Supply, Inc. v. Richards of Rockford, Inc.*, 215 Kan. 849, 851, 528 P.2d

1248 (1974).

For the second requirement of due process, the Tenth Circuit has adopted a three-part test,

which requires that (1) the defendant purposefully avail himself of the benefits of conducting

activities in the forum state; (2) the defendant have sufficient contacts with the forum state that

4

the exercise of personal jurisdiction will not offend traditional notions of fair play and substantial

justice; and (3) the quality and nature of the defendant's contacts must be such that it is

reasonable to require him to appear in the forum state. *Rambo v. Amer. S. Ins. Co.*, 839 F.2d

1415, 1419 n. 6 (10th Cir. 1988); *Marcus Food Co. v. Family Foods of Tallahassee, Inc.*, 729 F.

Supp. 753, 757-58 (D. Kan. 1990). *See also World-Wide Volkswagen Corp. v. Woodson*, 444

U.S. 286, 291 (1980) (court may exercise personal jurisdiction over nonresident defendant only

so long as "minimum contacts" exist between defendant and forum state).

The "minimum contacts" requirement between the nonresident defendant and the forum

state may be satisfied in one of two ways. Specific jurisdiction exists where the defendant

"purposely avails itself of the privilege of conducting activities within the forum state, thus

invoking the benefits and protections of its laws." *Trierweiler v. Croxton & Trench Holding*

*Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996). Additionally, general jurisdiction exists where

"defendant's contacts with the forum state are so 'continuous and systematic' that the state may

exercise personal jurisdiction over the defendant, even if the suit is unrelated to the defendant's

contact with the state. *Id.* at 1533. With both specific and general jurisdiction, the defendant

must reasonably anticipate being haled into the forum state's court. *Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 475 (1985).

Third-party plaintiff Pegasus states that personal jurisdiction is present because Biglow

transacted business or entered into a contract, part of which was to be performed within the State

of Kansas, and expressly consented to jurisdiction in Kansas. Biglow argues that a contract did

not exist between Pegasus and Biglow because it was not signed by or on behalf of Biglow.

The court disagrees with Biglow.  It is clear that the third-party defendant Biglow meets the provisions of the Kansas long arm statute.  First, Biglow was a party to the transaction of providing funeral arrangements for the deceased, thereby meeting the requirement of K.S.A. § 60-308(b)(1).  Second, Biglow entered into an express contract.  Although Mr. Biglow's signature does not appear in the contract, the contract language notes that Mr. Bethea signed the assignment "that said person is duly authorized to execute the Reassignment on behalf of, and in the name of, the a for-mentioned [sic] Funeral Home."  Third-Party Defendant's Exhibit C. Thereafter, Biglow received the assignment of the life insurance proceeds via a wire transfer into Biglow's account, deducted its direct costs from the proceeds, and remitted the balance to the deceased's heirs.

Moreover, the court finds that Biglow's contact satisfies the due process considerations of the Fourteenth Amendment.  In finding that the due process requirements are met in order to assert personal jurisdiction, minimum contacts must be established.  Additionally, the individual must have "fair warning" that a particular activity may subject him to jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).  Here, Biglow entered into a contract through an authorized agent to provide funeral services for the deceased.  The contract's language contained a forum selection clause that noted the jurisdiction concerning the assignment and reassignment shall be in Wichita, Kansas.  Biglow exercised minimum contacts and received "fair warning" under the contract. *See Burger King Corp.*, 471 U.S. at 462 (minimum contacts test met where defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there).  Therefore, the court denies Biglow's motion to dismiss the third-party complaint.

6

IT IS ACCORDINGLY ORDERED this 23rd day of April, 2007, that third-party

defendant's motion to dismiss (Dkt. No. 32) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE